FILED

2013 MAY -7 AM 10:04

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN PENN,<br>CDCR # D-83659<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>U.S. DEP'T OF JUSTICE, et al.,<br><br>　　　　　　　　　　Defendants. | Civil No.　13cv0530 BEN (RBB)<br><br>**ORDER:**<br><br>**(1) DISMISSING ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A(b); and**<br><br>**(2) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT** |

　　　Plaintiff, a state inmate currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding pro se, has filed an action entitled "Request for Firearm Trace Data System Records pursuant to 5 U.S.C. § 552(a)(4)(B)." Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 3].

## I.　SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

　　　Pursuant to the Prison Litigation Reform Act ("PLRA") and 28 U.S.C. § 1915A, the Court is obligated to review civil actions filed by anyone "incarcerated or detained in any facility who is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as

practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Because Plaintiff was a "prisoner" as defined by 28 U.S.C. § 1915A(c) at the time he filed this action, the Court must sua sponte dismiss his complaint, or any portion thereof, which "seeks redress from a governmental entity or officer or employee of a governmental entity," if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a), (b); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Here, the Court finds that Plaintiff's action is frivolous as it is duplicative of an action Plaintiff previously filed in the Eastern District of California. Plaintiff's Complaint contains identical claims that are found in *Penn v. U.S. Dep't of Justice, et al.*, E.D. Cal. Civil Case No. 2:10-cv-02494-GEB-EFB. A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Because Plaintiff has already litigated the same claims presented in the instant action in *Penn v. U.S. Dep't of Justice, et al.*, E.D. Cal. Civil Case No. 2:10-cv-02494-GEB-EFB, the Court hereby **DISMISSES** Civil Case No. 13cv0530 BEN (RBB) pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

## II. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. The case is **DISMISSED** without prejudice as frivolous. *See* 28 U.S.C. § 1915A(b). In addition, the Court finds further amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. Cal. Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a

1 claim containing an arguable basis in law, this action should be dismissed without leave to
2 amend; any amendment would be futile." (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir.
3 1996))).

4  2.  The Court **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 3) as moot.

5  3.  **IT IS FURTHER CERTIFIED** that an IFP appeal from this final order of
6 dismissal would not appear to be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See*
7 *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th
8 Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be
9 frivolous).

10 The Clerk shall close the file.
11 DATED: 5/06/13

HON. ROGER T. BENITEZ
United States District Judge